## Silas P. Kelley *vs.* William H. Swift.

Suffolk.    March 10. — July 24, 1879.    Ames & Lord, JJ., absent.

If property of A. is attached on a writ against B., in whose possession the property is, in order to coerce the payment of a debt due from B., the attaching officer believing the property to belong to A., and, to procure the release of the attach- ment, and as a substitute for the attached property, the money of A. is paid by B. to the officer, who refuses to deliver it on the demand of A., the latter may maintain an action of tort against the officer, although the money is still held by him on the attachment.

Tort.    The declaration alleged that the defendant on May 5, 1877, attached, as a constable, on a writ against Frederick R. Hall, a stock of groceries belonging to the plaintiff, placed a keeper in his shop and continued him there until May 7, when he withdrew him and took away the sum of $150, which had been taken by the keeper; that, at the time of the attachment, the defendant well knew that the plaintiff was the sole owner of the goods, and that Hall had no interest therein; and that the acts of the defendant were wilfully and maliciously done by him for the purpose of extorting money from the plaintiff.    The answer contained a general denial; and averred that the de- fendant attached the goods, and subsequently the money, as the property of Hall, and still held the money under attachment, but had released the attachment on the goods.

At the trial in the Superior Court, before *Pitman*, J., it ap- peared that, at the time of the attachment, Hall was in possession of the goods, but whether as owner or agent of the plaintiff was in dispute.    The plaintiff put in evidence tending to show that he himself was the sole owner of the goods, and that the defend ant, before the attachment was made, was so informed, and did in fact so believe; and the defendant put in evidence to the contrary.

It appeared that the defendant, when he made the attachment, put a keeper in the shop where the goods were, between five and six o'clock on the afternoon of Saturday; that, when the keeper was put in, Hall told the defendant that if he took the money for the sale of the goods as it was received it would injure the business; that the defendant then replied that he could let the

money remain until the close of the day; that at night Hall told the keeper that on Monday morning he would give a bond to dissolve the attachment; that on Monday he consulted counsel, and on his return told the keeper he was not going to give a bond, and asked him if they would release the attachment by taking $150 on deposit; that the keeper communicated this proposition to the defendant, who accepted it and sent back a receipt which Hall would not accept; that the keeper thereupon wrote and signed a receipt, but Hall declined to accept this, and wrote one himself, as follows: "East Boston, May 7, 1877. Received from Mr. Hall, at 96 Meridian Street, one hundred and fifty dollars, as proceeds of two days' sales, to be held on attachment;" and this was then signed by the keeper; that the amount named was made up as follows: the keeper had in his hands, as the proceeds of sales subsequent to the attachment, the sum of $60, to which Hall added $12 or $13, which he took from the drawer, and made up the balance from money in the safe, both of which sums he testified were the moneys of the plaintiff from the proceeds of sales of the stock; that Hall passed the money to the keeper, who gave it to the defendant, who thereupon released his attachment of the stock, and attached the money, which at the time of the trial he still held under the attachment, judgment having been rendered for the plaintiff in the suit in which the attachment was made; and that the plaintiff demanded the money of the defendant before the present action.

The defendant asked the judge to rule as follows: " 1. If the money in question was taken by the defendant and wrongfully held by him, the form of action to recover the same is for money had and received, and not for conversion.    2. If the defendant was an officer duly qualified to serve the precept upon which the goods were attached, and by virtue of said precept placed a keeper in the shop and over the goods, and the plaintiff, his agents or servants, in order to procure the keeper's removal from the shop, and a dissolution of the attachment upon the goods, assented to his attaching the money current as such, and the same was taken and held on said precept, no action of tort can be maintained to recover the same from the defendant.    3. If the defendant put a keeper in the shop, and, at the request of the plaintiff or his servants or agents that he would not remove the goods, allowed

him to remain there in pursuance of such request, no action can be maintained against the defendant for damages arising from maintaining the keeper in the shop. 4. No action can be maintained against the defendant for money placed in his hands by Hall, to be attached and held upon the writ, unless the attachment in that suit has been dissolved or abandoned. 5. If the jury find that the money attached, or any part thereof, was voluntarily placed in the hands of the officer by Hall, to be attached and held on that precept against him, and the same was so attached, and the attachment of the goods released in consequence, an action cannot be maintained in this form to recover back such money. 6. No damages can be found against the defendant alone on account of the $150 having been attached by him maliciously, unless that attachment has come to an end."

The judge refused to give these rulings; ruled that the defendant was not to be deemed a trespasser, solely by reason of the time of continuance of the keeper in the shop, under the admitted facts of the case; and further instructed the jury as follows:

"The plaintiff, in order to recover, must satisfy the jury that the attachment was wrongful; that is, that Hall had no interest in the property attached; that the action of the defendant was malicious in the legal sense of that word; and to do a wrong or unlawful act, knowing it to be such, is sufficient to constitute such malice. If the defendant knew, and this not in the sense of absolute knowledge, but if he had reasonable cause to believe, and did in fact believe, that the goods in question were the property of the plaintiff, and nevertheless attached the same on the writ against Hall to coerce payment of the debt by any one, this would be malicious. If the jury come to the estimation of damages, they may consider any and all acts or assent of Hall, in which he was acting as agent of the plaintiff in care of the property, as to the continuance or delay of the keeper, or in regard to the nature and mode of the attachment. If the jury are satisfied that the money of the plaintiff was paid to the defendant in order to procure the release of a wrongful and malicious attachment, and has been retained by the defendant against the demand of the plaintiff, they may consider this loss of the plain-

tiff as an element of damage, even though the proposition to place the money in the defendant's hands came from Hall, and, with the above motive and purpose, the money was of his own motion placed in the defendant's hands as a substitute for the goods attached."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. Bennett & J. B. Braman*, for the defendant.

*W. B. French*, for the plaintiff.

ENDICOTT, J. The instructions requested were properly refused; they were not applicable to the case presented on the evidence; and we find no objection to the instructions actually given. The jury must have found that the property of the plaintiff was attached on a writ against Hall; that the defendant made the attachment, believing the property to belong to the plaintiff, in order to coerce the payment of the debt due from Hall. They must also have found that the money of the plaintiff was delivered to the defendant to procure the release of the wrongful attachment thus made, and as a substitute for the goods attached; and that the defendant refused to deliver it on the demand of the plaintiff. The case does not fall within *Taylor* v. *Knowlton*, 10 Allen, 137; there the attachment of the property was not wrongful, but was properly made in the original action. Here the officer was a trespasser, and guilty of abuse of process, in attaching the property, and in taking the money in substitution therefor, and is liable to the plaintiff for the injury sustained thereby. See *Shipwick* v. *Blanchard*, 6 T. R. 298.

*Exceptions overruled.*